UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION (AKRON)

| | |
|---|---|
| CHRISTOPHER FULTZ, | ) |
|     Plaintiff, | ) CIVIL COMPLAINT |
| v. | ) Case No. 5:20-cv-2313 |
| CONSUMER SOLUTIONS GROUP, LLC d/b/a "CSG" | ) |
|     Defendant. | ) **JURY DEMAND** |

## COMPLAINT

Now comes CHRISTOPHER FULTZ ("Plaintiff"), complaining as to the conduct of CONSUMER SOLUTIONS GROUP, LLC ("Defendant").

### NATURE OF THE ACTION

1. Plaintiff brings this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. 227 *et seq.*; and the Ohio Consumer Sales Practices Act ("CSPA"), R.C. 1345.02 *et seq.*

2. Plaintiff previously settled his "AvailBlue" payday loan with debt collectors in the Buffalo, New York area.

3. Plaintiff's account—or "paper," as it is called in the debt collection industry—has now traveled to the debt collection hub in Atlanta, Georgia, where, upon information, it continues to be bought and sold in electronic spreadsheet form without any regard to proper documentation or chain-of-title.

[ 1 ]

**JURISDICTION AND VENUE**

4. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claims occurred within this District.

**PARTIES**

6. Plaintiff is a natural person residing in Summit County.

7. Defendant is a limited liability company whose principal place of business is 1180 McKendree Church Rd, Suite 105, Lawrenceville, GA, 30043.

**BACKGROUND**

8. On or around August 28, 2019, Plaintiff borrowed funds in the amount of approximately $450 from a payday loan company known as "AvailBlue."

9. Plaintiff used the funds to pay for his family's everyday living expenses, such as groceries.

10. In May 2020, Plaintiff settled this account in full with two Buffalo, New York collection agencies: Northwood Asset Management Group LLC and Schneck and Schneck Inc. d/b/a Revenue Reporting Services.

11. Defendant is a buyer of what is known in the debt collection industry as "bad paper"—that is, paper that has been collected upon many times; has been bought and sold repeatedly; and does not contain legitimate chains of title.

12. Defendant purchased Plaintiff's name, phone number, AvailBlue account number, and other personal information sometime in September 2020.

13. On information and belief, Defendant knows that the paper it purchased containing Plaintiff's alleged debt has been "double sold" and "double worked"—that is, that one seller of the debt has fraudulently sold "title" to the debts to many different collection agencies.

14. On information and belief, Defendant knows that it does not actually possess good title to Plaintiff's alleged consumer debt.

15. Starting in September 2020 and continuing into October 2020, Defendant blasted Plaintiff's phone with numerous calls.

16. Based on Defendant's own admission, these calls were placed using an autodialer.[1]

17. Plaintiff has never provided Defendant with consent to call him using an autodialer.

18. On or about October 12, 2020, Defendant called Plaintiff in an attempt to collect upon the AvailBlue account.

19. Defendant's employee, "Brenda Clark," told Plaintiff over the phone that there were "pending court matters" in the "office" against him.

20. Defendant stated that a balance of $722.14 was outstanding on the AvailBlue account.

---

[1] Defendant's agent made this admission when Plaintiff, during a telephone call with Defendant, asked why Defendant calls repeatedly but never leaves Plaintiff a message.

[ 3 ]

21. This was false, given that Plaintiff had already settled this account in full in May 2020.

22. Defendant stated that to avoid having criminal charges for check fraud filed against him, Plaintiff would need to pay $370.07.

23. This was also false. Defendant had no intention of actually filing criminal charges for check fraud, and Plaintiff had not actually committed check fraud.

24. Plaintiff, suspicious that Defendant might not be a legitimate collector and wanting to exercise his right to send requests by written mail to Defendant, asked Defendant to provide its physical address.

25. Defendant refused to provide a real address.

26. This action follows.

### COUNT I—VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff realleges the paragraphs above as though fully set forth herein.

28. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

29. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purposes of its business is the collection of debts, and because it uses the instrumentalities of interstate commerce to do so.

30. In the alternative, Defendant is a "debt collector" under § 1692(a)(6) because it regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

[ 4 ]

31. Defendants violated 15 U.S.C. § 1692 in the following ways:

   a. Failing to "meaningfully identify" itself in its telephone calls to Plaintiff, in violation of § 1692d(6), by refusing to provide a physical address;

   b. Falsely representing the legal status of the alleged debt as due and owing, when it in fact was not, in violation of § 1692e(2)(A);

   c. Falsely stating that a lawsuit was pending against Plaintiff and insinuating that further legal actions would be taken against Plaintiff, in violation of § 1692e(10) and § 1692e(5);

   d. Falsely stating or implying that Plaintiff had committed the crime of check fraud, in violation of § 1692e(7);

   e. Falsely collecting upon a debt that was not due and owing, in violation § 1692f(1); and

   f. Failing to send in the mail the required written notice of debt collection under § 1692g.

### COUNT II – VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

35. Plaintiff realleges the paragraphs above as though fully set forth herein.

36. The CSPA, pursuant to R.C. 1345.02(A), states that "[n]o supplier shall commit an unfair or deceptive practice in connection with a consumer transaction."

37. Plaintiff is a "person" as defined by R.C. 1345.01(B).

38. Defendant is a "supplier" as defined by R.C. 1345.01(C). *Taylor v. First Resolution Invest. Corp.*, 72 N.E.3d 573, 600 (Ohio 2016), *cert. denied sub nom. First Resolution Inv. Corp. v. Taylor-Jarvis*, 137 S. Ct. 398 (2016).

[ 5 ]

39. Debt collection is a "consumer transaction" as defined by R.C. 1345.01(A).

40. R.C. 1345.09(B) grants Plaintiff a private right of action against Defendant.

41. The Defendant committed unfair or deceptive acts or practices in violation of the CSPA, R.C. 1345.02(A), when it engaged in acts and practices in violation of the FDCPA as set forth above.

42. Such acts and practices have been previously determined by Ohio courts to violate the CSPA, R.C. 1345.01 *et seq*. *See, e.g.*, *Kelly v. Montgomery Lynch & Assocs., Inc.*, No. 1:07-CV-919, 2008 WL 1775251, at *11 (N.D. Ohio Apr. 15, 2008) ("[A]ny violation of any one of the enumerated sections of the FDCPA is necessarily an unfair and deceptive act or practice in violation of R.C. § 1345.02 and/or § 1345.03").

43. Defendant committed such actions after such decisions were available for public inspection pursuant to R.C. 1345.05(A)(3).

### COUNT III—VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

44. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phones using an "autodialer."

45. Defendant repeatedly placed calls to Plaintiff's cell phone, without his consent, using an autodialer.

46. Plaintiff has plausibly pleaded that Defendant uses an autodialer because Defendant, to explain why Plaintiff has never received a voicemail from Defendant, affirmatively stated that Defendant uses an autodialer.

47. Pursuant to 47 U.S.C. § 227(b)(3), Defendant is liable to Plaintiff for at least $500.00 per call, trebled because Defendant's violations were willful and knowing.

WHEREFORE, Plaintiff respectfully requests judgment as follows:

    **a.**    Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    **b.**    Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

    **c.**    Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

    **d.**    Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

    **e.**    Awarding Plaintiff statutory, actual, punitive, and treble damages pursuant to the CSPA, plus reasonable attorney fees to include a fee multiplier;

    **f.**    Awarding Plaintiff injunctive relief pursuant to the CSPA forbidding Defendant from continuing its illegal practices against him;

    **g.**    Awarding Plaintiff statutory damages of $500 per violation of the TCPA, trebled for knowing and willful violations;

    **h.**    Awarding Plaintiff the costs of this action and any other appropriate relief.

**A TRIAL BY JURY IS DEMANDED.**

Dated:  October 13, 2020

By:  s/ Jonathan Hilton

Jonathan Hilton (0095742)
HILTON PARKER LLC
10400 Blacklick-Eastern Rd NW, Suite 110
Pickerington, OH 43147
Tel: (614) 992-2277
Fax: (614) 427-5557
jhilton@hiltonparker.com
*Attorney for Plaintiff*

[ 8 ]